RICARDO WRIGHT, Respondent, v JAMES J. SHAPIRO et al., Appellants, et al., Defendants. [956 NYS2d 762]—

Memorandum: James J. Shapiro and James J. Shapiro, P.A. (defendants) appeal from an order denying their motion for summary judgment dismissing the second amended complaint against them and granting plaintiff's cross motion to compel the deposition of James Shapiro. We note at the outset that, although defendants' notice of appeal is from the order in its entirety, they do not address plaintiff's cross motion in their brief and thus, as limited by their brief, are deemed to have appealed only from the denial of their motion. We further note that the appeal taken by defendant Chikovsky & Associates, P.A. has been deemed abandoned and dismissed by its failure to perfect the appeal in a timely fashion (*see* 22 NYCRR 1000.12 [b]).

We agree with defendants that Supreme Court erred in denying their motion. By establishing that plaintiff could not have prevailed in his underlying personal injury action, defendants met their initial burden of establishing their entitlement to summary judgment with respect to the first cause of action against them, for legal malpractice (*see Rudolf v Shayne, Dachs, Stanisci, Corker & Sauer*, 8 NY3d 438, 442 [2007]), and plaintiff failed to raise a triable issue of fact (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). We note that the court erred in concluding, based on our decision in *Wright v Shapiro* (16 AD3d 1042 [2005]), that the doctrine of law of the case precluded summary judgment following discovery. Furthermore, plaintiff's theory of liability premised on respondeat superior is barred by his discontinuation of that action on the merits against the employee, thus eliminating the triable issue

of fact we discussed in our subsequent decision in *Wright v Shapiro* (35 AD3d 1253 [2006]). Therefore, the court should have granted defendants' motion with respect to the first cause of action in that regard (*see Town of Angelica v Smith*, 89 AD3d 1547, 1549-1550 [2011]).

Inasmuch as the second cause of action is premised upon the legal malpractice cause of action, which we are hereby dismissing against defendants, we further conclude that the court erred in denying defendants' motion with respect to the second cause of action against them. Present—Smith, J.P., Peradotto, Lindley, Valentino and Whalen, JJ.